**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BART SHAHAN,** | **CASE NO. 2:06-cv-160** |
| Petitioner, | **JUDGE SMITH** |
| v. | **MAGISTRATE JUDGE KING** |
| **ROB JEFFRIES, Warden,** | |
| Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### I. PROCEDURAL HISTORY

Petitioner was indicted by the January 9, 2004, term of the Franklin County grand jury on eight counts of rape, in violation of O.R.C. §2907.02. Exhibit A to Return of Writ. While represented by counsel, on July 1, 2004, petitioner pleaded guilty to three counts of rape. Exhibit B to Return of Writ. On August 27, 2004, petitioner was classified as a sexual predator and sentenced to an aggregate term of 21 years incarceration. Exhibit C to Return of Writ. Petitioner never filed a timely appeal; however, on February 3, 2005, he filed a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A). As cause for his untimely filing, petitioner asserted that his attorney told him he did not have the right to appeal, and that he did not have the funds or legal materials necessary to file a timely appeal. Exhibit D to Return of Writ. On January 27, 2004, the appellate court denied petitioner's motion for delayed appeal. Exhibit F to Return of Writ.

Petitioner failed to timely appeal the appellate court's decision to the Ohio Supreme Court. Instead, petitioner filed a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a), which motion was granted on August 10, 2005. Exhibits G and H to Return of Writ. Petitioner asserted the following propositions of law:

> 1. A criminal defendant has the right to a delayed appeal under App.R. 5(A), when that defendant demonstrated that due to mistake or inadvertence that he could not perfect a timely appeal due to his introduction to the Ohio prison system, a system that did not allow him access to competent counsel, to the courts or a law library for over 120 days due to various transports between prisons before arriving at his permanent prison.
>
> 2. A criminal defendant has the right to a delayed appeal under App.R. 5(A), the Ohio Constitution Art. 4 Sect. 3 and 4 and the United States Constitution Amendment 1, when that defendant demonstrates due to mistake or inadvertence that he could not perfect a timely appeal due to his introduction to the Ohio prison system after sentencing, a system that did not allow him access to meaningful funds for postage and copying due to his account being unstable by the prisons' intermittent transporting of the defendant from one prison to the next while not affording access to the courts, counsel, or a law library.
>
> 3. When a trial court abuses its discretion and errs in sentencing a defendant by not enumerating the statutes properly, applying consecutive sentences against the Ohio Revised Code thereby violating R.C. §2929.14 and §2929.12 by giving the defendant a sentence well beyond the maximum statutorily defined penalties, and violated the new Supreme Court ruling concerning *Blakely v. Washington,* 124 S.Ct. 2531, and *U.S. v. Booker*, 125 S.Ct. 738, relying on *Apprendi v. New Jersey*, 120 S.Ct. 2348, concerning using factors outside of the record when sentencing that must be determined by a jury, and also, the judge in this case did violate the new Supreme Court ruling concerning the use of any prior convictions used to enhance a sentence under *U.S. v. Shepard*, 125 S.Ct. 1254.

Exhibit I to Return of Writ. On December 14, 2005, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit K to

Return of Writ.

On February 15, 2006, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of right to appeal.
>
> The defendant/appellant was denied the right to appeal his sentence because of the Ohio Department of Rehabilitation and Corrections' denial of access to a law library, funds for postage to mail notice of appeal and subsequent filings related to same, and denial of access to counsel and after the defendant/appellant brought a motion in App.R. 5 was denied appeal [sic].
>
> 2. Denial of right to access to the courts or a law library.
>
> The Department of Rehabilitation and Corrections transported this defendant to Madison Corrections where he was oriented because of the sexual nature of his charges, at Madison Corr. The defendant was denied access to the law library, the only day he could go to the law library was Wednesday and after arriving at the law library the defendant was told that Wednesday was reserved for Cadre Inmates and youth offenders, foreclosing this inmate/defendant's right to access to a law library/the courts.
>
> 3. Due Process/Equal Protection.
>
> While the defendant/appellant was transported between prisons he was never given an institutional job so he would have the funds to copy and prepare legal mailings or the funds to mail legal mailings out to the courts, thereby denying the defendant/appellant his right to appeal his sentence under App.R. 4 and 5.
>
> 4. Denial of right to a jury determining the findings of fact that increase a defendant's sentence when the defendant does not proffer facts, and facts are not included in the indictment to increase said sentence beyond the statutory maximum allowed.
>
> 5. Denial of due process in sentencing by the trial court's not adhering to the Ohio Revised Code concerning consecutive sentences.  6. Denial of right to a jury to determine findings of fact

3

> that increased the defendant's sentence beyond the statutory maximum under Ohio Revised Code, the court incorrectly used the preponderance of evidence standard when a jury should have been left to determine findings of fact under the beyond a reasonable doubt evidence standard, when that court is considering consecutive sentences and those consecutive sentences must be supported by findings of fact under Ohio Revised Code §2929.41 and 2929.14(E).
>
> 7. Denial of effective assistance of trial counsel by counsel's failing to object to the defendant's constitutionally invalid sentence, and counsel's failure to move the trial court to suppress an invalid and coerced confession.

It is the position of the respondent that this action must be dismissed as unexhausted or, alternatively, that petitioner's claims are procedurally defaulted or without merit.

## II.  EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

In claim seven, petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to object to his sentence as violative of *Blakely v. Washington*, 542 U.S. 296 (2004), and because his attorney failed to file a motion to suppress his statements to police as coerced. In this latter regard, petitioner states that he was

4

> detained by police for over twenty-four hours, not fed, not allowed covers, and held in a holding cell and repeatedly questioned and harassed until he confessed.

*Petition,* at 2. It is the position of the respondent that this claim is unexhausted as petitioner may still raise the claim in a petition for post conviction relief pursuant to O.R.C. §2953.21. *Return of Writ*, at 8.

The *Blakely* portion of this claim is readily apparent from the face of the record and would properly have been raised on direct appeal. Petitioner filed a motion for delayed direct appeal, which motion was denied by the state appellate court; therefore, this portion of petitioner's seventh claim is not unexhausted. However, respondent correctly notes that petitioner's claim of ineffective assistance of counsel due to his attorney's failure to file a motion to suppress his confession as coerced appears to be based on matters that are not readily apparent from the record and would therefore properly be raised in post conviction proceedings. Although the time period has now expired to file a timely petition for post conviction relief,[1] petitioner may still seek a delayed post conviction petition pursuant to O.R.C. §2953.23, which provides in relevant part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to

---

[1] O.R.C. §2953.21(A)(2) provides:

Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

>section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
>
>(1) Either of the following applies:
>
>(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
>
>(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
>(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

Thus, at least one claim presented by the instant petition is unexhausted.

Petitioner requests a stay of proceedings, rather than dismissal of the petition in its entirety, should the Court determine that any portion of this action is unexhausted. *Traverse,* at 11. However, the record fails to reflect that a stay of proceedings is appropriate.

>Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan, supra,* at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").

For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," *Lundy, supra,* at 520, 102 S.Ct. 1198 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See, e.g., Zarvela,* 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id.,* at 380-381.

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in

7

> obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

*Rhines v. Weber*, 125 S.Ct. 1528, 1534-36 (2005). In *Pace v. DiGuglielmo,* 125 S.Ct. 1807, 1813 (2005), the Supreme Court stated that

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

There is, as of yet, little further guidance as to what constitutes good cause for failing to exhaust state court remedies.

> Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See e.g., Fernandez v. Artuz* 2006 WL 121943, *5 (S.D.N.Y., January 18, 2006); *Pierce v. Hurley,* 2006 WL 143717, *8 (S.D.Ohio, January 18, 2006); *Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1207 (C.D.Cal., 2005). Others, such as *Jackson v. Roe,* 425 F.3d 654 (9th Cir.2005), and the remanded *Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005), conclude that the cause standard of *Rhines* requires a lesser showing than that for procedural default.
>
> In *Jackson v. Roe,* the Ninth Circuit Court of Appeals concluded that good cause did not require a showing of "extraordinary circumstances." The Court said
>
> [W]e hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See NLRB v. Zeno Table Co.,* 610 F.2d 567, 569 (9th Cir.1979) (distinguishing between the "good cause" standard found in NLRB regulations and the "extraordinary circumstances" standard in section 10(e) of the National Labor Relations Act and noting that " 'good cause' ... appears to be less stringent than ... 'extraordinary circumstances' ").

8

*Jackson,* 425 F.3d at 661-62.

Thus, it would appear that good cause under *Rhines,* at least in [the Ninth] Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant. This is supported by the Supreme Court's observation in *Pace v. DiGuglielmo,* --- U.S. ----, ---- - ----, 125 S.Ct. 1807, 1813-14, 161 L.Ed.2d 669 (2005), wherein the Court declared that a petitioner's confusion over whether or not his petition would be timely filed was "good cause" for the petitioner to file his unexhausted petition in the federal court.

Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." *See Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D.Pa.2005). This discussion of *Rhines,* while in the context of equitable tolling of a federal challenge in a capital case, examined whether the court should previously have granted a stay of the petition considering the petitioner's particular circumstances and the shifting state of the law in Pennsylvania at the time the original petitioner was filed.

The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. At least five district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings, most without much discussion of the matter. *See e.g., Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005); *Ramchair v. Conway,* 2005 WL 2786975 at *16 (E.D.N.Y., October 26, 2005); *Boyd v. Jones,* 2005 WL 2656639 at *4 (E.D.Mich., October 14, 2005); *Fradiue v. Pliler,* 2005 WL 2204862 at *2 (E.D.Cal., September 8, 2005); and *Martin v. Warren,* 2005 WL 2173365 at *2 (E.D.Mich., September 2, 2005). Similarly at least three district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did not constitute good cause. *See, e.g., Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Vasquez v. Parrott,* 397 F.Supp.2d 452, 464 (S.D.N.Y., 2005); *Hubbert v. Renico,* 2005 WL 2173612 at *3 (E.D.Mich., September 7, 2005).

> Thus, the split of authority is broad and varied. However, the discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support... [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D. Nevada 2006).

Nonetheless, even assuming that petitioner could establish good cause within the meaning of *Rhines v. Weber, supra*, for failing to exhaust his ineffective assistance of counsel claim in the state courts, the record fails to reflect that the claim is potentially meritorious. Petitioner's allegation that he was coerced by police is without any support whatsoever. Further, the record does not indicate that petitioner could meet the stringent requirements under O.R.C. §2953.23 before a state court may consider the merits of his claim in an untimely post conviction action. Thus, it appears that the claim would be waived in any event. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). In *Neville v. Dretke,* 423 F.3d 474, 480 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit held that claims were "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings, where the petitioner was procedurally barred from raising his unexhausted claims in the state courts.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be dismissed as unexhausted. Alternatively, petitioner may delete his unexhausted claim from this habeas corpus petition and proceed on only the exhausted claims.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days

of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| | |
|---|---|
| October 3, 2006 | *s/Norah McCann King* |
| | Norah McCann King |
| | United States Magistrate Judge |