**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BART SHAHAN,** | **CASE NO. 2:06-cv-160** |
| | **JUDGE SMITH** |
| **Petitioner,** | |
| v. | **MAGISTRATE JUDGE KING** |
| **ROB JEFFRIES, Warden,** | |
| **Respondent.** | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus conditionally be **GRANTED** on petitioner's claim that his sentence violated *Blakely* and petitioner be released from incarceration unless the State of Ohio re-sentences him within ninety (90) days; the Magistrate Judge **RECOMMENDS** that the remainder of petitioner's claims be **DISMISSED**.

**I.  PROCEDURAL HISTORY**

Petitioner was indicted by the January 9, 2004, term of the Franklin County grand jury on eight counts of rape, in violation of O.R.C. §2907.02.  Exhibit A to Return of Writ.  While represented by counsel, on July 1, 2004, petitioner pleaded guilty to three counts of rape.  Exhibit B to Return of Writ.  On August 27, 2004, petitioner was classified as a sexual predator and sentenced to an aggregate term of 21 years incarceration.  Exhibit C to Return of Writ.  Petitioner never filed a timely appeal; however, on February 3, 2005, he filed a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A).  As cause for his untimely filing, petitioner asserted that his

attorney misinformed him that he had no right to appeal and that, moreover, he lacked the funds and

legal materials necessary to file a timely appeal.  Exhibit D to Return of Writ.  On January 27, 2004,

the appellate court denied petitioner's motion for delayed appeal.  Exhibit F to Return of Writ.

Petitioner failed to timely appeal the appellate court's decision to the Ohio Supreme Court.  Instead,

petitioner filed a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II,

Section 2(A)(4)(a).  On August 10, 2005, the Ohio Supreme Court granted petitioner's motion for

a delayed appeal.  Exhibits G and H to Return of Writ.  Petitioner thereafter asserted the following

propositions of law:

> 1.  A criminal defendant has the right to a delayed appeal under
> App.R. 5(A), when that defendant demonstrated that due to mistake
> or inadvertence that he could not perfect a timely appeal due to his
> introduction to the Ohio prison system, a system that did not allow
> him access to competent counsel, to the courts or a law library for
> over 120 days due to various transports between prisons before
> arriving at his permanent prison.
>
> 2.  A criminal defendant has the right to a delayed appeal under
> App.R. 5(A), the Ohio Constitution Art. 4 Sect. 3 and 4 and the
> United States Constitution Amendment 1, when that defendant
> demonstrates due to mistake or inadvertence that he could not perfect
> a timely appeal due to his introduction to the Ohio prison system after
> sentencing, a system that did not allow him access to meaningful
> funds for postage and copying due to his account being unstable by
> the prisons' intermittent transporting of the defendant from one
> prison to the next while not affording access to the courts, counsel,
> or a law library.
>
> 3.  When a trial court abuses its discretion and errs in sentencing a
> defendant by not enumerating the statutes properly, applying
> consecutive sentences against the Ohio Revised Code thereby
> violating R.C. §2929.14 and §2929.12 by giving the defendant a
> sentence well beyond the maximum statutorily defined penalties, and
> violated the new Supreme Court ruling concerning *Blakely v.
> Washington,* 124 S.Ct. 2531, and *U.S. v. Booker*, 125 S.Ct. 738,
> relying on *Apprendi v. New Jersey*, 120 S.Ct. 2348, concerning using
> factors outside of the record when sentencing that must be

> determined by a jury, and also, the judge in this case did violate the
> new Supreme Court ruling concerning the use of any prior
> convictions used to enhance a sentence under *U.S. v. Shepard*, 125
> S.Ct. 1254.

Exhibit I to Return of Writ.  On December 14, 2005, the Ohio Supreme Court denied leave to appeal

and dismissed the appeal as not involving any substantial constitutional question.  Exhibit K to

Return of Writ.

On February 15, 2006, petitioner filed the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of

the Constitution of the United States based upon the following grounds:

> 1.  Denial of right to appeal.
>
> The defendant/appellant was denied the right to appeal his sentence
> because of the Ohio Department of Rehabilitation and Corrections'
> denial of access to a law library, funds for postage to mail notice of
> appeal and subsequent filings related to same, and denial of access to
> counsel and after the defendant/appellant brought a motion in App.R.
> 5 was denied appeal [sic].
>
> 2.  Denial of right to access to the courts or a law library.
>
> The Department of Rehabilitation and Corrections transported this
> defendant to Madison Corrections where he was oriented because of
> the sexual nature of his charges, at Madison Corr. The defendant was
> denied access to the law library, the only day he could go to the law
> library was Wednesday and after arriving at the law library the
> defendant was told that Wednesday was reserved for Cadre Inmates
> and youth offenders, foreclosing this inmate/defendant's right to
> access to a law library/the courts.
>
> 3.  Due Process/Equal Protection.
>
> While the defendant/appellant was transported between prisons he
> was never given an institutional job so he would have the funds to
> copy and prepare legal mailings or the funds to mail legal mailings
> out to the courts, thereby denying the defendant/appellant his right to
> appeal his sentence under App.R. 4 and 5.

4.  Denial of right to a jury determining the findings of fact that increase a defendant's sentence when the defendant does not proffer facts, and facts are not included in the indictment to increase said sentence beyond the statutory maximum allowed.

5.  Denial of due process in sentencing by the trial court's not adhering to the Ohio Revised Code concerning consecutive sentences.

6.  Denial of right to a jury to determine findings of fact that increased the defendant's sentence beyond the statutory maximum under Ohio Revised Code. The court incorrectly used the preponderance of evidence standard when a jury should have been left to determine findings of fact under the beyond a reasonable doubt evidence standard, when that court is considering consecutive sentences and those consecutive sentences must be supported by findings of fact under Ohio Revised Code §2929.41 and 2929.14(E).

7.  Denial of effective assistance of trial counsel by counsel's failing to object to the defendant's constitutionally invalid sentence, and counsel's failure to move the trial court to suppress an invalid and coerced confession.

On December 11, 2006, petitioner's unexhausted claim of ineffective assistance of trial counsel due to his attorney's failure to file a motion to suppress was withdrawn from the habeas corpus petition pursuant to petitioner's request, in lieu of dismissal of his habeas corpus petition as unexhausted. *See* Doc. Nos. 17, 18. It is the position of the respondent that the remainder of petitioner's claims are procedurally defaulted, without merit, or not appropriate for federal habeas corpus review.

For the reasons stated infra, the Court concludes that claims two and five are not appropriate for federal habeas corpus review, that claims four and six are meritorious, and that claims one, three, and the remaining portion of claim seven are moot.

## II.  CLAIM TWO

In claim two, petitioner asserts that prison officials improperly denied him access to the law

library, thereby depriving him of access to the Courts.  Because this claim does not challenge the

fact or duration of petitioner's confinement, this claim is not appropriate for federal habeas corpus

review.

> [28 U.S.C. ] Section 2254(a) states that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The writ, traditionally, has been available when the petitioner is in custody or threatened with custody and the detention is related to a claimed constitutional violation. In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court analyzed the scope of the applicability of the writ of habeas corpus, stating:
>
> It is clear, not only from the language of ⋯ § 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.
>
> 411 U.S. at 484, 93 S.Ct. at 1833

*Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986).  Because claim two does not relate to the fact or

duration of petitioner's confinement, the issue is not properly considered in habeas corpus

proceedings.

### III.  PROCEDURAL DEFAULT

Respondent takes the position that claims four, five, and six are subject to procedural

default.[1] In recognition of the equal obligation of the state courts to protect the constitutional rights

of criminal defendants, and in order to prevent needless friction between the state and federal courts,

---

[1] Respondent did not directly address claim six; however, petitioner raises the same allegations in claim six that are raised in claims four and five.

a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration.  28 U.S.C. §2254(b), (c).  If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies.  *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error.  *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule."  *Id.*  Second, the Court must determine whether the state courts actually enforced the state procedural sanction.  *Id.*  Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.  *Id.*  Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.  *Id.*  This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level.  *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claims four and six, petitioner asserts that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004).  In claims five and six, petitioner asserts that he was denied due process because the trial court sentenced him in violation of state law using a preponderance of evidence standard instead of the standard of beyond a reasonable doubt in making factual findings for sentencing.  Respondent contends that both of these claims are procedurally defaulted because petitioner failed to present such claims to the state courts.  This Court does not agree.

Petitioner never filed a timely appeal of his August 27, 2004, sentence; however, on February 3, 2005, he filed a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A), which motion was denied by the state appellate court. However, the United States Court of Appeals for the Sixth Circuit has held that the Ohio's enforcement of the time provisions for filing an appeal under Ohio's Appellate Rule 5(A) does not constitute an adequate and independent state ground to preclude federal habeas corpus relief under *Maupin*.  *Deitz v. Money*, 391 F.3d 804, 810-811 (6th Cir. 2004).

> Rule 5(A) does not specify the criteria the courts should use in determining whether to grant a delayed appeal. Instead, it simply requires that the defendant set forth the reasons for the failure to perfect an appeal of right.
>
> The decision to grant or deny a motion for leave to appeal pursuant to rule 5(A) is therefore solely within the discretion of the appellate court. *State v. Fisher,* 35 Ohio St.3d 22, 517 N.E.2d 911, 914 (1988). A rule that grants such discretion to the courts is not "firmly established and regularly followed" so as to be adequate within the meaning of *Maupin. See Hutchison v. Bell,* 303 F.3d 720, 738 (6th Cir.2002) (ruling that a Tennessee procedure was adequate for purposes of enforcing a procedural bar because "Tennessee's due process exception does not grant unfettered discretion to state courts in applying procedural default rules.").
>
> ... Rule 5(A) does not set a time limit for the filing of a delayed appeal. Although some Ohio courts have refused to grant motions for leave to file a delayed appeal because of the undue lapse of time,

> others have allowed appeals long after the time for filing a direct appeal has expired. *Compare State v. Robinson,* No. 04AP-713, 2004 WL 1945687 (Ohio Ct.App. Sept. 2, 2004) (unpublished) (holding that a three-and-a-half-year delay in filing a motion was unreasonable), *with State v. Simmons,* No. 69238, 1997 WL 83124 (Ohio Ct.App. Feb. 27, 1997) (unpublished) (noting that a motion to file a delayed appeal had been granted in the case more than five years after the defendant pled guilty).

*Id.* Further, the Ohio Supreme Court granted petitioner's motion for delayed appeal. In his appeal to the Ohio Supreme Court, petitioner argued both that his sentence violated *Blakely*, and that his sentence violated Ohio law. *See* Exhibit I to Return of Writ. Thus, petitioner presented both of the allegations now raised in claims four and five to the state courts and at the first opportunity he had to do so, *i.e.* in his appeal to the Ohio Supreme Court.

Still, petitioner's allegations in claims five and six that his sentence violated state law fail to present an issue appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984): *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

As to petitioner's claim, raised in claims four and six, that his sentence violated *Blakely,* the Ohio Supreme Court summarily dismissed petitioner's appeal, and did not address the merits of this claim. This Court is therefore required to conduct a *de novo* review of petitioner's *Blakely* claim. *Howard v. Bouchard,* 405 F.3d 459, 467 (6th Cir. 2005); *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

Petitioner was sentenced on three counts of rape, a violation of O.R.C. §2907.02, each a felony of the first degree, which is punishable by one to ten years incarceration. *See* O.R.C. §2929.14(A)(1). The trial court imposed three consecutive terms of seven years incarceration, for an aggregate term of 21 years. *See* Exhibit C to Return of Writ. Petitioner asserts that imposition of these consecutive sentences based upon judicial fact finding violated *Blakely*. This Court agrees.

The sentencing transcript indicates:

> COURT: [T]he defendant is 39 years of age. He is obviously fully grown, should be a mature individual....
>
> These children are his natural children... I think it's unusual that the ages are so young.... [O]ne child was four years of age, the other was three....
>
> The other thing that I think is very significant... as far back as 1983, over 20 years ago, he was charged... with rape charging that he had sexual contact with a four year old. Ultimately that case was dismissed after the four year old victim refused to testify....
>
> In ... 1994, in Hocking County he was charged with gross sexual imposition for which he was sentenced to prison. He was sentenced to two years each for each count. There was a total of two counts, I believe. The sentences were ordered to run consecutive and he was admitted to prison November 17, 1994.

9

So he has a prior contact with the law including a prior prison sentence for this same kind of offense.

\*\*\*

I have a Victim Impact Statement... [which] is very significant and most moving...

Pursuant to the sentencing statute there are a number of factors that I have to go over....

Factors that indicate that the offense should be considered more serious, the possibility of recidivism is greater that I find to be present.

First of all, prior adjudication or history of criminal convictions...

Other factors under the statute indicating recidivism is unlikely, I don't find anything to be present.

Additional factors pursuant to the statute that indicate that this offense should be treated more seriously, first of all, that I find to be present, is injury to the victim was worsened by the physical or mental condition of the age of the child.

... I think the injury to the victim is substantial, serious, and must be taken into consideration.

Additional factors indicating that this is a more serious offense is that, again, that the victim suffered psychological harm as a result of the offense.

Additionally, the offender held a position of trust in the relationship between the defendant and the victim.  And this case is most unusual in that he is the natural father of these children.

10

And then, similarly, other factors set forth in the statute is that the relationship with the victim facilitated the offense.  That's certainly true in view of the fact that this was a father-daughter relationship.

Additionally, I should mention that there is a mandatory sentence in this case.  This is a sentence that is not probationable pursuant to the code so that needs to be mentioned also.

... There are a number of factors pursuant to the Ohio Revised Code that I have to go over....

With regard to prison terms, pursuant to 2929.14, the longest term says only if the following under 2929.14(C) applies.  The first factor there under, the offender committed the worst form of the offense.

I think a strong argument could be made that this is the worst form of offense for two reasons that I can think of.  No. 1, these are his natural daughters, which I find to be rather repulsive.  Secondly, the victims in this case were such a tender age, I think it's also hard to conceive of an offense that could be worse when you are talking about victims of age 3 and 4.

Additionally, under the statute, for a longer term it says the offender poses the greatest likelihood of committing future crimes.

I think that also could be found in view of the fact that this man is 39 years of age... We have a strong indication that this occurred as far back as 1983, or some 21 years ago, then again in 1994, 10 years ago, and now in 2004.

If I recall correctly, each of those cases were cases involving children of less than five years of age.

... I think there is a great likelihood of committing future crimes, notwithstanding the nature of the offense in this case and how serious that is.  In my experience, in 19 years as a judge, I can't remember a case where we had the prior record of similar offenses like this.  So I do think that it poses a great likelihood of future offenses.

> The other factors that I have to consider pursuant to 2929.14(E) has to do with consecutive prison terms optional.... And this provides that if necessary to protect the public and the punishment is not disproportionate to the offense, and further find that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct, or in the disjunctive, the offender's criminal history shows that consecutive terms are needed to protect the public.
>
> I believe in this case that consecutive terms are needed to protect the public because of this criminal history....
>
> The additional factors I want to mention [are]... that the harm is so unusual or great that a single term does not adequately reflect the seriousness of the conduct.  I think that is certainly present.  I also feel it's present – the offender's criminal history shows that consecutive terms are needed to protect the public.  And as required, I will make written findings pursuant to 2929.19(B)(2)(c).
>
> ***
>
> [I]t seems to me that there are factors that I consider significant that aren't necessarily in the code.  For example, this went on for some time.  I suspect that perhaps no one here knows exactly how long this went on, but it went on for a significant period of time.
>
> Additionally, we have before us three counts that are separate incidences, and I think they are significant enough that each deserves its own sentence.

*Sentencing Transcript,* at 21-30.

In *Blakely*, the United States Supreme Court applied the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), and held that :

12

> [T]he "statutory maximum"... is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant....*  In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," *Bishop, supra,* § 87, at 55, and the judge exceeds his proper authority.

*Blakely v. Washington, supra*, 542 U.S. at 303-304 (emphasis in original)(citations omitted).

The Ohio Supreme Court held in *State v. Foster*, 109 Ohio St.3d 1 (2005), *inter alia*, that Ohio's sentencing statutes requiring judicial fact finding prior to imposition of more than the minimum term of incarceration or imposition of consecutive sentences are unconstitutional under *Blakely*.  The Ohio Supreme Court stated in relevant part:

> R.C. 2929.14(B)...  states:
>
> "[ *I*] *f the court* imposing a sentence upon an offender for a felony *elects or is required to impose a prison term* on the offender, the *court shall impose the shortest prison term* authorized for the offense pursuant to division (A) of this section [setting forth the basic ranges], *unless one or more of the following* applies:
>
> "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
>
> Thus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will "demean the seriousness" of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term. R.C. 2929.14(B)(2).

13

Under R.C. 2929.14(B), therefore, a court is not authorized to exceed the shortest prison term unless it makes the additional findings. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (findings required, reasons not); *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473 (findings required for first offender). Since a jury verdict alone does not determine the sentence, R.C. 2929.14(B) violates *Blakely* principles.

*Id.*, at 19-20.

R.C. 2929.14(E)(4) requires the court to find that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In addition, at least one of three more findings of fact must be found: that the offender was already under control of the court due to an earlier conviction,[FN83] that at least two of the offenses were committed as part of a course of conduct and the harm was so great or unusual that no single prison term adequately reflects the seriousness of the conduct, [FN84] or that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public." [FN85]

FN83. R.C. 2929.14(E)(4)(a).

FN84. R.C. 2929.14(E)(4)(b).

FN85. R.C. 2929.14(E)(4)(c).

... Ohio appears to be unique in having a rule that sentences of imprisonment shall be served concurrently. *See* R.C. 2929.41(A); *State v. Barnhouse,* 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, at ¶ 11. R.C. 2929.41(A) states, " *Except as provided in* division (B) of this section, *division (E) of section 2929.14,* or division (D) or (E) of section 2971.03 of the Revised Code, *a prison term,* jail term, or sentence of imprisonment *shall be served concurrently* with any other prison term." (Emphasis added.) Thus, except for certain enumerated statutes imposing nondiscretionary consecutive terms,[FN87] judicial fact-finding must occur before consecutive sentences may be imposed under R.C. 2929.14(E)(4). We have held previously that R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) require trial courts that impose consecutive sentences to make the statutorily enumerated findings and to give reasons at the sentencing hearing to support those findings for review

14

on appeal. *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.

Thus, with limited exceptions, the Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional fact-finding by the judge.... [B]ecause the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced in *Blakely*.

FN87: R.C. 2929.14(E)(1) through (3).

*Id.*, at 21-22 (footnote omitted).  The Ohio Supreme Court excised the unconstitutional provisions

of its sentencing statutes in accordance with the Supreme Court's remedial action in *United States*

*v. Booker*, 543 U.S. 234, 764 (2005)(severing and excising unconstitutional provisions of United

States Sentencing Guidelines rather than invalidating sentencing guidelines in their entirety), and

remanded all cases pending on direct appeal for re-sentencing.  *Id.*, at 29-31.

In the case presently before this Court, the trial court specifically found that petitioner

qualified for more than the minimum term of incarceration under O.R.C. 2929.14(B)(1) because he

had previously served a prison term.  This finding by the trial court did not violate *Blakely*.

*Apprendi v. New Jersey, supra*, 530 U.S. at 476; *Blakely v. Washington, supra*, 542 U.S. at 301;

*Lawhun v. Jeffries*, unpublished, 2006 WL 1982869 (N.D. Ohio July 13, 2006)("Under *Apprendi*

and *Blakely,* [petitioner's] sentence is valid so long as the trial court considered only the facts

admitted by [the] guilty plea and prior convictions in determining his sentence.")  However, the trial

court also justified imposition of consecutive sentences by making additional findings that were

neither admitted by petitioner nor stipulated to as a part of his guilty plea.  The United States

Supreme Court  recently struck down California's determinate sentencing law, which required

judicial fact-finding for imposition of more than the minimum statutory term:

> Under California's system, judges are not free to exercise their "discretion to select a specific sentence within a defined range." *Booker*, 543 U.S., at 233, 125 S.Ct. 738. California's Legislature has adopted sentencing triads, three fixed sentences with no ranges between them. Cunningham's sentencing judge had no discretion to select a sentence within a range of 6 to 16 years. His instruction was to select 12 years, nothing less and nothing more, unless he found facts allowing the imposition of a sentence of 6 or 16 years. Factfinding to elevate a sentence from 12 to 16 years, our decisions make plain, falls within the province of the jury employing a beyond-a-reasonable-doubt standard, not the bailiwick of a judge determining where the preponderance of the evidence lies.

*Cunningham v. California*, 127 S.Ct. 856, 870 (2007).

> We note that several States have modified their systems in the wake of *Apprendi* and *Blakely* to retain determinate sentencing. They have done so by calling upon the jury--either at trial or in a separate sentencing proceeding--to find any fact necessary to the imposition of an elevated sentence.... Other States have chosen to permit judges genuinely "to exercise broad discretion ... within a statutory range," ... which, "everyone agrees," encounters no Sixth Amendment shoal. *Booker,* 543 U.S., at 233, 125 S.Ct. 738. California may follow the paths taken by its sister States or otherwise alter its system, so long as the State observes Sixth Amendment limitations declared in this Court's decisions.

*Id.*

For the reasons discussed by the Ohio Supreme Court in *State v. Foster, supra*, the Magistrate Judge likewise concludes that imposition of consecutive sentences under terms of Ohio statutes that required judicial fact finding prior to imposition of consecutive sentences violated *Blakely.* The Magistrate Judge therefore **RECOMMENDS** that the petition for a writ of habeas corpus be conditionally **GRANTED** on petitioner's claim that he was improperly sentenced to consecutive terms, and that petitioner's sentence be **VACATED** and that petitioner be released from incarceration unless the State of Ohio re-sentences him within ninety (90) days.

### IV.  CLAIMS ONE, THREE, AND SEVEN

16

In claims one and three, petitioner asserts that he was denied his right to appeal his sentence; in claim seven, petitioner asserts that he was denied the effective assistance of counsel due to his attorney's failure to object to his sentence as in violation of *Blakely*. These claims are moot, in view of the Magistrate Judge's recommendation that the petition for a writ of habeas corpus conditionally be granted on petitioner's claim that his sentence violated *Blakely*.

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that claims one, two, three, five, seven, and petitioner's allegations regarding an alleged violation of state law in claim six be **DISMISSED**; that the petition for a writ of habeas corpus be conditionally **GRANTED** on petitioner's claim that his sentence violated *Blakely,* and that petitioner's sentence be vacated and petitioner be released from incarceration unless the State of Ohio re-sentences him within ninety days.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation*

will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo*, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States*

*v. Walters*, 638 F.2d 947 (6th Cir. 1981).


February 20, 2007                                                          *s/Norah McCann King*
                                                                            Norah McCann King
                                                                   United States Magistrate Judge