IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BART SHAHAN,**

    **Petitioner,**

  v.                                  **CASE NO. 2:06-cv-160**
                                         **JUDGE SMITH**
                                         **MAGISTRATE JUDGE KING**

**ROB JEFFRIES, Warden,**

    **Respondent.**

**OPINION AND ORDER**

On February 20, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be conditionally granted on petitioner's claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and that petitioner be released from incarceration unless the State of Ohio re-sentences him within ninety (90) days; the Magistrate Judge further recommended that the remainder of petitioner's claims be dismissed. Although the parties were specifically advised of their right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of their failure to do so, petitioner has filed no objections to the Magistrate Judge's *Report and Recommendation*. Respondent, however, objects to that portion of the Magistrate Judge's *Report and Recommendation* that recommends that the petition for a writ be conditionally granted on petitioner's claim that his sentence violated *Blakely*. Doc. No. 21. Petitioner has filed a response to respondent's objections. Doc. No. 22.

For the reasons that follow, respondent's objections are **OVERRULED**. The *Report and*

*Recommendation* is **ADOPTED** and **AFFIRMED.**  The petition for a writ of habeas corpus is conditionally **GRANTED** on petitioner's claim that his sentence violated *Blakely.*  The State of Ohio must re-sentence petitioner within ninety (90) days or release him.  The remainder of petitioner's claims are **DISMISSED.**

Respondent contends that petitioner's sentence did not violate *Blakely* because petitioner was sentenced on the basis of his prior criminal record.  *Objections,* at 2-3.  This Court disagrees.  The trial court imposed three consecutive terms of seven years, for an aggregate term of 21 years incarceration, on three counts of rape, a violation of O.R.C. §2907.02.  The trial court imposed consecutive terms under O.R.C. §2929.14(E)(4), in part, due to petitioner's prior criminal record.  This action did not violate *Blakely.  See Report and Recommendation,* at 9-11; *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000); *Blakely v. Washington, supra,* 542 U.S. at 301.  However, the trial court also based its sentence on factual findings that were neither admitted by petitioner nor stipulated to as a part of his guilty plea.  *See Report and Recommendation,* at 9-11.

Respondent also contends that any *Blakely* error was harmless under *Washington v. Recuenco,* 126 S.Ct. 1546 (2006), because, under *State v. Foster*, 109 Ohio St.3d 1 (2005)(striking provisions of Ohio's sentencing statutes as unconstitutional under *Blakely*), the trial court simply may re-impose the same sentence at re-sentencing.  *Objections*, at 4-5. In support of this argument, respondent has attached *Shafer v. Wilson*, 2007 WL 315760 (N.D. Ohio January 30, 2007), *see Exhibit A to Objections,* which approved this contention:

> After the Ohio Supreme Court's decision in *State v. Foster,* sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings. *See Foster,* 845 N.E.2d at 496. Stated otherwise, because Ohio remedied its unconstitutional sentencing regime by making its guidelines advisory, there is no reason to believe the

> Petitioner would receive a more favorable sentence if the Court grants his habeas request for relief. In light of the fact that the Supreme Court has held that *Blakely* violations are not "structural" errors that require automatic reversal, we therefore agree with Respondent that no basis exists for granting the Petitioner's request for relief despite the fact that his resentencing clearly did violate *Blakely*.

*Id*. Respondent also refers to *Minor v. Wilson*, 2007 WL 106771 (6th Cir. January 17, 2007)(unpublished), in which the United States Court of Appeals for the Sixth Circuit rejected a petitioner's claim of ineffective assistance of appellate counsel for failing to raise on appeal the claim that petitioner's sentence violated Ohio law. The Sixth Circuit concluded that the petitioner in that case could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), because the trial court had clearly indicated its intent to impose consecutive sentences, despite its failure to comply with Ohio's sentencing statutes when it did so. In a footnote, the Sixth Circuit stated that *Foster* was inapplicable because it applied only to cases pending on direct review, and because *Foster* actually worked "to Minor's detriment, as trial courts are no longer required to make any findings or give any reasons when imposing consecutive sentences." *Minor* is not analogous to this case.

*Washington v. Recuenco, supra,* which held that *Blakely* errors can sometimes be harmless, involved a state law that imposed a three year sentencing enhancement if a defendant used a firearm to commit an assault, but a one year sentencing enhancement if the defendant used a "deadly weapon." The verdict form utilized in that case asked the jurors to consider whether the defendant had used a "deadly weapon." The jurors indicated that the defendant had, but the evidence at trial established that defendant had used a firearm to commit the assault. The United States Supreme Court remanded the case for a determination of whether the facts established beyond a reasonable

3

doubt that the *Blakely* error was harmless.

> To establish harmless error such that this Court lets stand a defendant's sentence in spite of errors at trial or sentencing below, the government must "prove that none of the defendant's substantial rights [has] been affected by the error." *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir.2005) (citing Fed.R.Crim.P. 52(a)); *United States v. Barnett*, 398 F.3d 516, 530 (6th Cir.2005). *See also Arizona v. Fulminante,* 499 U.S. 279, 296, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (noting that the government bears the burden of proof on harmless error); *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (same). To carry this burden, the government must demonstrate to this Court with certainty that the error at sentencing did not "cause[ ] the defendant to receive a more severe sentence." *Oliver*, 397 F.3d at 379 (internal citation omitted); *United States v. Hazelwood,* 398 F.3d 792, 801 (6th Cir.2005) ("Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless.") (emphasis added).

*United State v. Johnson,* 467 F.3d 559 (6th Cir. 2006).

> In a habeas corpus proceeding, to determine whether a constitutional trial error is harmless, a federal court must decide whether the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), quoting *Kotteakos v. U.S.*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). If a federal judge in a habeas proceeding "is in grave doubt about whether a trial error of federal law has substantial and injurious effect or influence in determining the jury's verdict, that error is not harmless. And, the Petitioner must win." *O'Neal v. McAninch*, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (internal quotation omitted). The harmless error analysis articulated in *Brecht* applies even if a federal habeas court is the first to review for harmless error. *Gilliam v. Mitchell*, 179 F.3d 990, 995 (6th Cir.1999).

*Lakin v. Stine*, 358F.Supp.2d 605, 616 (E.D. Michigan 2005).

> Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless--*i.e.*

> any such error "did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

*United States v. Hazelwood*, supra, 398 F.3d at 801; *United States v. Christopher*, 415 F.3d 593-94 (6th Cir. 2005)(citations omitted).

The record in this action fails to reflect harmless error. The trial court justified the imposition of more than the statutory minimum sentence by use of prohibited factual findings in addition to petitioner's prior criminal record. *See Report and Recommendation*, at 9-11. This Court is unable to conclude that, absent those unconstitutional fact findings, the trial court would nevertheless impose the same sentence.

Further, the Court is not persuaded by the reasoning of *Shafer v. Wilson, supra,* upon which respondent relies:

> The flaw in this reasoning is that it equates a possibility of no actual prejudice in terms of the eventual sentence received with an actuality of no prejudice resulting from a constitutional error. The error in *Washington* may or may not have been impossible to remedy by jury factfinding, but speculation that a judge might repeat his or her sentence without explicit factfinding does not render an error harmless as a certainty. The former scenario involves the realities of state law-either it affords an avenue to render the error harmless or it does not-while the latter presupposes a reality in which but one outcome is certain. But because more than one outcome is possible upon re-sentencing, basing harmlessness on an assumed certainty is flawed. It converts the concept of harmless error in this context into a doctrine of *always* harmless error. Such conversion is especially dangerous when, as here, the possibility of a different sentence must logically preclude any habeas court from saying for a *certainty* that the error is harmless. See *United States v. Hazelwood,* 398 F.3d 792, 801 (6th Cir. 2005) ( "Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless").

5

*Villagarcia v. Warden, Noble Correctional Institution,* Case No. 05-cv-810, 2007 WL 1028528 (S.D. Ohio March 30, 2007)(Frost, J.).

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by respondent. After careful consideration of the entire record, and for the reasons detailed in the Magistrate Judge's February 20, 2007 *Report and Recommendation*, respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** The petition for a writ of habeas corpus is conditionally **GRANTED** on petitioner's claim that his sentence violated *Blakely.* The remainder of petitioner's claims are **DISMISSED.** The State of Ohio is **DIRECTED** to re-sentence petitioner within ninety (90) days or release him.

    **IT IS SO ORDERED.**


    s/ George C. Smith
    GEORGE C. SMITH
    United States District Judge